**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robin J. Reidhead, | No. CV-09-8212-PCT-GMS |
| Plaintiff, | **ORDER** |
| vs. | |
| Heber Overgaard Fire Department; Stan Wagamen, Chief; Paul Rehman, Deputy Chief, | |
| Defendants. | |

The Court has reviewed Defendant Rehman's Letter re Summons (Dkt. # 15); Plaintiff's Summonses Returned Executed (Dkt. ## 16,17); and Defendant Heber Overgaard Fire Department's Letter re Summons (Dkt. # 18). It appears Plaintiff has failed to properly serve Defendants with the Summons and the Amended Complaint pursuant to Federal Rule of Civil Procedure 4(m).

The Court will screen Plaintiff's Amended Complaint (Dkt. 11) pursuant to 28 U.S.C. § 1915(e)(2). Pursuant to that screening Plaintiff's Amended Complaint is dismissed.

**I.     Screening Complaint Under 28 U.S.C. § 1915(e)(2)**

**A. Legal Standards**

**1. 28 U.S.C. § 1915(e)(2)**

Congress provided with respect to in forma pauperis cases that a district court "shall dismiss the case at any time if the court determines" that the "allegation of poverty is untrue"

or that the "action or appeal" is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). While much of § 1915 outlines how prisoners can file proceedings in forma pauperis, section 1915(e) applies to all in forma pauperis proceedings not just those filed by prisoners. *Lopez v. Smith,* 203 F.3d 1122, 1127 (9th Cir. 2000). "It is also clear that section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint if it fails to state a claim or if it is frivolous or malicious.

"[A] complaint, containing both factual allegations and legal conclusions is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). Furthermore, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or wholly incredible, whether or not there are judicially recognized facts available to contradict them." *Denton v. Hernandez,* 504 U.S. 25, 33 (1992). "A case is malicious if it was filed with the intention or desire to harm another." *Andrews v. King,* 398 F.3d 1113, 1121 (9th Cir. 2005).

### 2. Rule 8, Federal Rules of Civil Procedure

A claim must be stated clearly enough to enable each defendant to frame a responsive pleading. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). In addition, the complaint must include "a demand for the relief sought. . . . " Fed. R. Civ. P. 8(a)(3). Finally, it must also have "a short and plain statement of the grounds for the court's jurisdiction. Fed. R. Civ. P. 8(a)(1).

In order to assist litigants to understand the Rule 8(d) requirements that averments "be simple, concise and direct," Rule 84 of the Federal Rules of Civil Procedure provides samples in an Appendix of Forms, which are "intended to indicate the simplicity and brevity of statement which the rules contemplate." *McHenry v. Renne,* 84 F.3d 1172, 1177 (9th Cir. 1996). Examples of types of complaints for different types of claims are contained in forms 10 through form 21. In addition to setting forth why the federal court has jurisdiction over Plaintiff's claims a complaint should fully set forth "who is being sued, for what relief, and

on what theory, with enough detail to guide discovery." *McHenry,* 84 F.3d at 1177. In addition, to satisfy Rule 8, each claim must be stated in a separate count. *Bautista v. Los Angeles,* 216 F.3d 837, 840-41 (9th Cir. 2000).

**B. Analysis**

**1. Plaintiff's Complaint**

Plaintiff's complaint falls short of satisfying the requirements of Rule 8. It does not allege a legal basis for this Court to exercise jurisdiction over this lawsuit. To the extent that Plaintiff seeks to bring a claim for sex discrimination under Title VII, Plaintiff must first exhaust the procedure available to make her claim with the Equal Employment Opportunity Commission. Plaintiff has failed to certify that she has exhausted that procedure. *Sommatino v. U.S.*, 255 F.3d 704 (9th Cir. 2001). She has not established, therefore, that this Court has jurisdiction over her claim.

**2. Leave to Amend**

Plaintiff will be given an opportunity, if she so chooses, to amend her complaint. In the amended complaint, Plaintiff must state what rights she believes were violated. *See Rizzo v. Goode,* 423 U.S. 362, 371-72, 377 (1976), Each claim of an alleged violation must be set forth in a separate count. The amended complaint must also state why the federal court has jurisdiction over Plaintiff's claims. Any amended complaint filed by Plaintiff must conform to the requirements of Rule 8(a) and (d)(1) of the Federal Rules of Civil Procedure.

Plaintiff is advised that if she elects to file an amended complaint and if she fails to comply with the Court's instructions explained in this Order, the action will be dismissed pursuant to section 28 U.S.C. § 1915(e) and/or Rule 41(b) of the Federal Rules of Civil Procedure. *See McHenry,* 84 F.3d at 1177 (affirming dismissal with prejudice of amended complaint that did not comply with rule 8(a)); *Nevijel v. North Coast Life Ins. Co.,* 651 F.2d 671, 673-74 (9th Cir. 1965)(affirming dismissal without leave to amend second complaint that was "so verbose, confused and redundant that its true substance, if any, [was] well disguised").

| | |
|---|---|
| 1 | **IT IS HEREBY ORDERED** that pursuant to 28 U.S.C. § 1915(e)(2) Plaintiff's |
| 2 | Amended Complaint (Dkt. # 11) is dismissed for failure to comply with Rule 8, with leave |
| 3 | to file an Amended Complaint by **April 30, 2010**. |
| 4 | **IT IS FURTHER ORDERED** that, if Plaintiff elects not to file an Amended |
| 5 | Complaint by **April 30, 2010**, the Clerk shall dismiss this action without further Order of the |
| 6 | Court. |
| 7 | **IT IS FURTHER ORDERED** that, if Plaintiff elects to file an Amended Complaint |
| 8 | the Complaint may not be served until and unless the Court screens the Amended Complaint |
| 9 | pursuant to 18 U.S.C. § 1915(e)(2). |
| 10 | DATED this 31st day of March, 2010. |

*/s/ G. Murray Snow*
G. Murray Snow
United States District Judge