**WO**

NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robin J. Reidhead,<br><br>    Plaintiff,<br><br>vs.<br><br>Heber-Overgaard Fire Department; Stan Wagaman, Chief; Paul Rehman, Deputy Chief,<br><br>    Defendants. | No. CV-09-8212-PCT-GMS<br><br>**ORDER** |

Pending before the Court is a Motion to Quash Service of Summons[1] filed by Defendants Heber-Overgaard Fire Department ("HFD") and Paul Rehman ("Rehman"). (Doc. 30). For the reasons set forth below, the Court grants the Motion.

## BACKGROUND

In May 2009, Plaintiff Robin J. Reidhead ("Reidhead") applied for a job as an ambulance driver with the HFD. (Doc. 20). Reidhead alleges that her application was

---

[1] Defendants' Motion states that it is a "Motion to Dismiss for Insufficiency of Process." (Doc. 30). However, Plaintiff had 120 days from the filing of her Amended Complaint on April 13, 2010 to effect service on Defendants. *See Dollone v. Ventura Unified Sch. Dist.*, 272 F. App'x 613, 615 (9th Cir. 2008) (holding that a Plaintiff has "120 days from the date the amended complaint is filed to serve all of the defendants"). Accordingly, because Plaintiff had until August 11, 2010 to properly serve Defendants, the Court construes the Motion as a Motion to Quash Service of Summons.

rejected because, according to Stan Wagaman, Chief of the HFD, and Rehman, Deputy Chief of the HFD, she had to be "EMT or National First Responder certified before [she] could be hired." *Id.* According to Reidhead, that requirement is in place because of an Arizona regulation requiring that every ambulance have at least two medically-certified personnel on board when transporting patients. *Id.* Reidhead also alleges, however, that around the time of her application, the HFD hired five uncertified young men as ambulance drivers and accommodated their lack of training by ensuring that the Arizona requirement was always met. *Id.* Reidhead further asserts that the HFD's policy and procedure manual allows for ambulance drivers to be hired without certification so long as they are certified within one year of employment. *Id.*

Reidhead subsequently filed a claim with the Equal Employment Opportunity Commission ("EEOC") for employment discrimination. *Id.* The EEOC was unable to conclude that the information Reidhead provided established violations of any statutes. *Id.* Pursuant to her rights granted by the EEOC, Reidhead initiated this action against Defendants on November 30, 2009, alleging violations of Title VII.

**DISCUSSION**

**I.     Reidhead's Service Upon Rehman was Insufficient**

Under the Federal Rules of Civil Procedure ("Federal Rules"), "service upon an individual may be made by 'delivering a copy of the summons and of the complaint to the individual personally; . . . leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; . . . [or] delivering a copy of each to an agent authorized by appointment or by law to receive service of process.'" *Haskins v. Moynihan*, 2010 WL 2691562, at *3 (D. Ariz. July 6, 2010) (citing Fed. R. Civ. P. 4(e)(2)). Service may be performed by "any person who is at least 18 years old and not a party." Fed. R. Civ. P. 4(c)(2). Under the Federal Rules, a Plaintiff also has the option of serving an individual by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). The Arizona Rules of Civil Procedure

("Arizona Rules") mirror the requirements of the Federal Rules for service of an individual. *See* Ariz. R. Civ. P. 4.1(d). Additionally, under the Arizona Rules, "service of process shall be made by a sheriff, a sheriff's deputy a private process server . . . or any other person specially appointed by the court." Ariz. R. Civ. P. 4(d).

The record indicates that Reidhead has not properly served Rehman. The undisputed evidence indicates that Reidhead attempted to effect service upon Rehman by sending the complaint and the summons by certified mail. (Doc. 30, Doc. 31). Certified mail is not an acceptable means of service upon an in-state individual under either the Federal Rules or the Arizona Rules. Although the Arizona Rules allow for service by mail upon out-of-state parties, there is no such allowance where the individual being served is within the territorial limits of Arizona. *See* Ariz. R. Civ. P. 4. Furthermore, the record indicates that service was insufficient because Reidhead herself attempted to effect service upon Rehman. Neither the Federal Rules nor the Arizona Rules allow a party to serve another party to the lawsuit.[2] *See* Fed. R. Civ. P. 4(c)(2); Ariz. R. Civ. P. 4(d). Accordingly, Reidhead's service upon Rehman through certified mail was insufficient.

**II.     Reidhead's Service Upon the HFD was Insufficient**

In addition to the general requirements for process set forth above, the Federal Rules mandate that a state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by "delivering a copy of the summons and of the complaint to its chief executive officer or serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant." Fed. R. Civ. P. 4(j)(2). The Arizona Rules state, "Service upon a county or municipal corporation or other governmental subdivision of the state subject to suit . . . shall be effected by delivering a copy of the summons and of the pleading to the chief executive officer, the secretary, clerk, or recording officer thereof." Ariz. R. Civ. P. 4.1(i).

---

[2]The Arizona Rules allow for service by a party "where expressly authorized by these rules." Ariz. R. Civ. P. 4(d). Service of an individual is not such a situation expressly authorized by the Rules.

- 3 -

The evidence indicates that Reidhead has not sufficiently served the HFD as a governmental entity. Reidhead has not demonstrated that she has effected service upon the CEO, the secretary, clerk, or recording officer of the HFD as required by the Federal and Arizona Rules. Furthermore, as discussed above, Reidhead's attempted service of process fails because (1) she attempted to do it herself in violation of Federal Rule 4(c)(2) and Arizona Rule 4(d), and (2) because she attempted to do so by mail in violation of Federal Rule 4(e) and Arizona Rule 4(d). Accordingly, Reidhead has failed to properly effect service upon the HFD.

## CONCLUSION

For the reasons set forth above, the Court grants the Motion to Quash Service of Summons (Doc. 30). Although Reidhead would have had until August 13 to effectuate service, Defendants filed their Motion challenging service on July 2. At that time, Reidhead had 40 days remaining to serve Defendants. Accordingly, Reidhead shall now have until September 7, 2010 to serve Defendants.

**IT IS THEREFOR ORDERED** that Defendants' Motion to Quash Service of Summons (Doc. 30) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff shall have until **September 7, 2010** to properly serve Defendants with her Amended Complaint.

DATED this 30th day of July, 2010.

G. Murray Snow
United States District Judge